IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Chelsea K., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 3:23-cv-50310 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Frank J. Bisignano ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Chelsea K., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On June 2, 2021, Chelsea K. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits. R. 15. The application alleged a disability beginning on May 1, 2021. *Id*. The Social Security Administration denied her application initially on July 18, 2022, and upon reconsideration on September 14, 2022. *Id*. Plaintiff filed a written request for a hearing and on January 10, 2023, a telephonic hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Plaintiff appeared and testified. *Id*. Plaintiff was represented by counsel. *Id.* Guy Hostetler, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

On February 1, 2023, the ALJ issued her written opinion denying Plaintiff's claims for disability and disability insurance benefits. R. 12-32. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-3. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [8]. Now before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision [13], the Commissioner's motion for summary judgment [17], and Plaintiff's reply brief [18].

1

**B. The ALJ's Decision**

In her ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since May 1, 2021, the alleged onset date. R. 17-18. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), and borderline personality disorder. R. 18-20. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 20-22.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: understand, remember, and carry out simple routine instructions; able to tolerate a predictable, routine setting where employment-related social interactions are infrequent, brief, and largely tasks specific and not collaborative; and able to adapt to simple changes in daily routines. R. 22-30. At step four, the ALJ found that Plaintiff was unable to perform past relevant work as a fast-food worker, sandwich maker, deli cutter and slicer, and manager of fast food services. R. 30-31. At step five, the ALJ determined there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform, considering her age, education, work experience, and residual functional capacity ("RFC"), such as mixing machine operator, hopper attendant, and window cleaner. R. 31-32. Therefore, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from May 1, 2021, through the date of decision, February 1, 2023. R. 32.

**STANDARD OF REVIEW**

The reviewing court evaluates the ALJ's determination to establish whether the correct legal standards were applied and whether the decision was supported by substantial evidence. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citing 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011)). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (internal quotation marks and citation omitted). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The Court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The Court is obligated to "review the entire record, but [the Court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . .[The Court's] review is limited also to the ALJ's rationales; [the Court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Further, an ALJ's credibility findings are given deference and can only be disturbed if they are found to be "patently wrong." *Burmester*, 920 F.3d at 510 (quoting *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015)).

## DISCUSSION

Plaintiff argues that the ALJ failed to properly explain why the medical opinion of Olivia Winters, a psychiatric mental health nurse practitioner, ("Nurse Winters") was "not persuasive." R. 30. The Court concludes that the ALJ properly evaluated the medical opinion's consistency and supportability. Accordingly, the Court affirms the Commissioner's decision.

An ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, to determine the persuasiveness of a medical opinion, an ALJ must consider factors such as supportability, consistency, relationship with the claimant, and length of the treatment relationship. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the most important factors, and ALJs are required to explain how they considered these two factors in their decision. *Patrice W. v. Kijakazi*, No. 20C02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. § 404.1520c(b)(2)). In reviewing an ALJ's analysis of a medical opinion, "a 'logical bridge' remains the touchstone of judicial review." *Evonne R. v. Kijakazi*, No. 20CV7652, 2022 WL 874650, at *5 (N.D. Ill. March 24, 2022). An ALJ "must consider the regulatory factors and explain why a medical opinion is not supported or is not consistent with the record to give a reviewing court the bridge to connect the outcome to the record." *Id*. ALJs "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). However, they "may not analyze only the evidence supporting [their] ultimate conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

On December 6, 2022, Nurse Winters completed a mental residual functional capacity assessment of Plaintiff. R. 700-703. At that time, Nurse Winters was Plaintiff's new psychiatric specialist, having first seen her in October 2022. R. 705-06. She evaluated Plaintiff's limitations in areas including understanding and memory, sustained concentration, social interaction, and adaptation. *Id*. She found Plaintiff "markedly limited" in seven areas, "moderately limited" in seven areas, and "not significantly limited" in six areas. *Id*. Ultimately, she determined that "[Plaintiff] reports difficulty in the following areas, supported by clinical observation of her current and past functioning: [f]ollowing through with complex tasks; [m]aintaining focus for extended periods of time; [f]ollowing instructions; [s]etting and pursuing goals independently; [m]anaging social interaction; [and r]esponding appropriately to interpersonal conflict." R. 702. The ALJ found Nurse Winters's medical opinion "not persuasive" because "the extent of the limitations [were not] consistent with the record [and were not] supported by the explanation or limited treatment notes

3

with this provider." R. 30.

Plaintiff claims that the ALJ improperly evaluated the medical opinion of Nurse Winters. She argues that the ALJ failed to properly explain how she considered the supportability and consistency of Nurse Winters's opinion. Plaintiff also argues that the ALJ improperly "cherry-picked evidence," by ignoring evidence which was consistent with Nurse Winters's opinion, including Plaintiff's history of hospitalization, Plaintiff's own testimony, and the medical record. *See Moore*, 743 F.3d at 1123.

In assessing the supportability factor, medical opinions are considered more persuasive "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are" to support the opinion. 20 C.F.R. § 404.1520c. In this case, the ALJ provided the minimal articulation necessary to explain her evaluation of the supportability of Nurse Winters's medical opinion. *See Crowell v. Kijakazi*, 72 F.4th 801, 816 (7th Cir. 2023). The ALJ noted that Nurse Winters supported her opinion by citing to Plaintiff's reports as well as her own clinical observations of Plaintiff's functioning. R. 30. The ALJ found that the opinion contained "some explanation that provides some support to the indicated limitations," but concluded that, "in the context of the treatment record," the explanation did not support the extent of the limitations. R. 30. The ALJ provided an example, noting that at Plaintiff's initial evaluation with Nurse Winters on October 18, 2022, the mental status examination results were "largely normal," and Plaintiff reported that "her medications were working well." R. 30, 705-706. This is one example of Nurse Winters's own clinical observations not supporting the extent of the limitations in her opinion. The ALJ did consider that this initial evaluation could have taken place during a time of "stability (versus acute crisis)," but found that the observations at that initial examination were corroborated by the observations of Plaintiff's prior psychiatrist that Plaintiff's mood "was generally good after some early medication adjustments." R. 30, 752, 757. Based on these examples from the treatment record, the ALJ concluded that the extent of the limitations contained in Nurse Winters's opinion was not supported. R. 30. *See Crowell*, 72 F.4th at 817.

Under the consistency factor, medical opinions are considered more persuasive when they align with evidence from other medical and nonmedical sources in the record. 20 C.F.R. § 404.1520c(c)(2). The ALJ found Nurse Winters's medical opinion inconsistent with the broader record. The ALJ specifically noted that Nurse Winters's opinion was inconsistent with the opinion of Plaintiff's primary care provider, Tiffany Kuhlmeyer, APN, ("Nurse Kuhlmeyer") who had treated Plaintiff for nearly a year longer and through significant events such as a hospitalization and medication adjustments. R. 30. Nurse Kuhlmeyer completed a mental residual functional capacity assessment in which she found Plaintiff "not significantly limited" in 14 out of 20 functional areas, and only "moderately limited" in the remaining 6, with no marked limitations noted. R. 697–699. In her explanation, Nurse Kuhlmeyer cited Plaintiff's history of ADHD, bipolar disorder, PTSD, and anxiety, noting that these conditions could affect functioning in high-stress situations, but she did not describe the extent or level of limitations reflected in Nurse Winters's assessment. R. 699. Additionally, as already mentioned, the ALJ found Nurse Winters's opinion inconsistent with treatment notes of Plaintiff's prior psychiatrist who observed that Plaintiff's mood "was generally good after early medication adjustments." R. 30, 752, 757. Considering these records, the ALJ reasonably found that the extent of limitations contained in Nurse Winters's opinion was inconsistent with the overall medical record. Accordingly, the ALJ adequately articulated her evaluation of the

4

opinion's supportability and consistency and sufficiently explained why she found Nurse Winters's opinion "not persuasive." *See Crowell*, 72 F.4th at 816.

Additionally, Plaintiff argues more broadly that the ALJ did not consider other evidence in the record that was consistent with Nurse Winters's opinion, particularly Plaintiff's nine-day hospitalization in January of 2022 and Plaintiff's testimony. However, the ALJ discussed this evidence when determining Plaintiff's residual functional capacity. For example, the ALJ considered Plaintiff's psychiatric inpatient admission in January of 2022, including a chronological review of her follow-up appointments with her primary care doctor and psychiatrist appointments with Dr. Daly. R. 25-27. The ALJ concluded that, "[s]ince adjustments to her medication with the psychiatrist, the record since has largely documented [Plaintiff's] mood as stable and [s]he was noted to be able to do activities of daily living independently." R. 28. The ALJ also considered Plaintiff's own testimony, noting that she testified to "substantial difficulties being in public or working with people." R. 28. The ALJ "accepted much of [Plaintiff's] alleged difficulty with social interaction" and accounted for these difficulties when determining Plaintiff's RFC. R. 28. Therefore, the ALJ did not "ignore a line of evidence supporting a finding of disability." *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021). *See Denton v. Astrue*, 596 F.3d 419, 426 (7th Cir. 2010) ("The ALJ specifically addressed all the evidence that [Plaintiff] points out, though [s]he did not assign the significance to it that [Plaintiff] prefers.").

Although the ALJ did not mention this evidence when evaluating Nurse Winters's opinion, ALJs are not required to discuss every line of evidence supporting a finding when evaluating each medical opinion. If an ALJ properly considered the statutory factors when weighing a medical opinion, a reviewing court "must allow that decision to stand so long as the administrative law judge minimally articulated [her] reasons." *Crowell*, 72 F.4th at 816 (internal quotation marks and citation omitted). This Court's review "proceeds with a light touch—not holding ALJs to an overly demanding evidentiary standard." *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025). The Seventh Circuit has "emphasized that social-security adjudicators are subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). In this case, the ALJ minimally articulated her reasons for finding Nurse Winters's opinion not persuasive.

## CONCLUSION

The decision below is affirmed. Final judgment will be entered accordingly.

Date: June 27, 2025     ENTER:

*Margaret J. Schneider*
United States Magistrate Judge

5